# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DALTON DONALD BEYER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14CV119 SNLJ |
| RANDY WOODS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Dalton Beyer (registration no. 1232356), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against correctional officer Randy Woods for alleged retaliation in violation of the First Amendment. Plaintiff sues Woods in both his individual and official capacity.

Plaintiff alleges that on March 10, 2014, he was kicking his cell door. Defendant Woods told plaintiff to stop kicking the door or he would spray plaintiff with mace. Plaintiff continued kicking the door and told Woods, "if your [sic] going to spray me then do it." Plaintiff says Woods attempted to spray mace through the food port but plaintiff blocked the food port with his body. Plaintiff avers that Woods then pushed his arm through the food port to spray plaintiff. Plaintiff says he pinned Woods's arm against the cell door with his body and Woods dropped the mace in the cell. Plaintiff claims he picked up the mace and handed it to the officers outside the cell. Plaintiff alleges that he asked Woods if he was sprayed with mace and Woods replied "no."

According to the exhibits attached to the complaint, Woods wrote a conduct violation on March 10, 2014, for assault on an officer. In the conduct violation, Woods claimed that plaintiff grabbed his arm through the food port and pinned it. Woods did not claim that plaintiff used the pepper spray against him.

In April 2014 plaintiff filed an informal resolution request complaining about the conduct violation. Plaintiff claimed that Woods placed his arm in the food port and dropped the mace canister. The informal resolution request was not resolved.

On May 5, 2014, Woods rewrote the conduct violation regarding the March 10, 2014, incident. In the new conduct violation, Woods claimed that plaintiff grabbed his arm, pulling it into the food port and trapping it. Woods further claimed that plaintiff took the mace canister out of his hand and sprayed him with it. Woods claimed that he rewrote the conduct violation for a

"technical" reason. The updated conduct violation cited plaintiff for both assault on an officer and use of dangerous contraband.

Liberally construed, the complaint alleges that Woods added the new claims and charges to the conduct violation in retaliation for his April 2014 informal resolution request. And he claims that the new charges are false. Plaintiff alleges that he has been more harshly punished as a result of the new charges.

### Discussion

Plaintiff's retaliation claim against Woods in his individual capacity states a plausible claim for relief. "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (citing Sprouse v. Babcock, 870 F.2d 450 (8th Cir.1989)). "Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." Id. An inmate need not show an independent injury apart from the false disciplinary charge. Id. "Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself." Id. As a result, the Court will direct the Clerk to serve process on Woods.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's official-capacity claims fail to state a claim upon which relief can be granted, and these claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Randy Woods shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 22nd day of September, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE