UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DALTON DONALD BEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14CV119 SNLJ |
| | ) | |
| RANDY WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file an amended complaint, motion for joinder of additional parties and amendments of pleadings, and motion for preliminary injunction and temporary restraining order. For the following reasons, the motions will be denied.

**I.   Background**

Plaintiff brings this action under 42 U.S.C. § 1983 against correctional officer Randy Woods, individually and in his official capacity, for alleged retaliation in violation of the First Amendment. The events at issue began on March 10, 2014, with plaintiff kicking his cell door.[1] Defendant Woods told plaintiff to stop kicking the door or he would spray plaintiff with pepper spray. Plaintiff continued kicking the door and told Woods, "if your [sic] going to spray me then do it." Woods attempted to spray pepper spray through the food port but plaintiff blocked the food port with his body. Woods then pushed his arm through the food port to spray plaintiff. Plaintiff pinned Woods's

---

[1] The facts are taken from plaintiff's account of the events attached to his complaint.

arm against the cell door with his body and Woods dropped the pepper spray in the cell. Plaintiff claims he picked up the pepper spray and handed it to the officers outside the cell. Plaintiff alleges that he later asked Woods if he was sprayed with pepper spray and Woods stated plaintiff did not spray him.

According to the exhibits attached to the complaint, Woods wrote a conduct violation on March 10, 2014, for assault on an officer. In the conduct violation, Woods claimed that plaintiff grabbed his arm through the food port and pinned it. Woods did not claim that plaintiff used the pepper spray against him.

In April 2014, plaintiff filed an informal resolution request complaining about the conduct violation. Plaintiff claimed that Woods placed his arm in the food port and dropped the pepper spray canister. The informal resolution request was not resolved.

On May 5, 2014, Woods rewrote the conduct violation regarding the March 10, 2014, incident. In the new conduct violation, Woods claimed that plaintiff grabbed his arm, pulling it into the food port and trapping it. Woods further claimed that plaintiff took the pepper spray canister out of his hand and sprayed him with it. Woods claimed that he rewrote the conduct violation for a technical reason. The updated conduct violation cited plaintiff for both assault on an officer and use of dangerous contraband.

On July 7, 2014, plaintiff filed this action against defendant Woods. On 28 U.S.C. § 1915(b)(1) review, this Court found that, liberally construed, plaintiff's complaint alleges that Woods added the new claims and charges to the conduct violation in retaliation for plaintiff's April 2014 informal resolution request. Plaintiff claims that the new charges are false and that he has been more harshly punished as a result of the new

charges. This Court held that plaintiff could proceed with the claim against Woods individually but dismissed the official capacity claim.

## II. Motion for Leave to File an Amended Complaint

On January 9, 2015, plaintiff filed a motion for leave to file an amended complaint. Plaintiff states that he would like to add new defendants and legal claims. The motion, however, does not identify the new defendants or provide any explanation of the claims plaintiff would like to add, nor does it include a proposed amended complaint. As a result, plaintiff's motion fails to provide any justification warranting an amended complaint and will be denied.

## III. Motion for Joinder of Additional Parties and Amendment of Pleadings

On January 20, 2015, plaintiff filed a motion for joinder of additional parties and amendments of pleadings. In this pleading, plaintiff identified additional defendants and legal claims he would like to add in a combined motion and amended complaint. Plaintiff seeks to add six individuals, in their individual and official capacities, that he alleges are legally responsible for the operation of the prison and the welfare of the inmates, claiming that they did not act on their legal responsibility to protect him.

Specifically, plaintiff seeks to add the following individuals as defendants: George Lombardi, Direction/Commissioner of the State of Missouri Department of Corrections; Ian Wallace, Superintendent/Warden of Southeast Correctional Center (SECC); Paula Reed, Assistant Warden of SECC; Regina Beggs, Housing Unit Manager at SECC; Michael Vinson, Correctional Officer with rank of Lieutenant at SECC; and Brian Hoskins, Correctional Officer with rank of Sergeant at SECC. Plaintiff offers the

3

following in support of his claims against these defendants: Lombardi, Wallace, and Reed are legally responsible for the operation of SECC and the welfare of inmates at SECC. Reed denied his grievance and Wallace denied the appeal on his grievance. Beggs is responsible for the housing unit that plaintiff was assigned to at SECC. The officers, warden, assistant warden, and housing unit manager did not act on their legally responsibilities to protect him and failed to protect him from any and all abuse with regard to his claim against defendant Woods. He also alleges that Hoskins was present at the time of the incident at his cell but does not allege that Hoskins was involved in the alleged retaliation by Woods, the only claim currently pending.

Plaintiff states his "legal claims" in one paragraph. Those claims include "excessive force, excessive amount of misconduct, harassment, retaliation, discrimination, due process, deliberate indifference, cruel and unusual punishment, failure to protect, [and] unsafe conditions." The only claim stated in his original complaint is for retaliation by defendant Woods.

To the extent plaintiff seeks to make claims against the additional defendants as supervisors of defendant Woods, he fails to state a claim against those defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has not set

4

forth any non-conclusory facts indicating that any of the named supervisory defendants were directly involved in or personally responsible for the alleged retaliation claim. As a result, he fails to state a claim as to the supervisory defendants with regard to the pending retaliation claim.

Further, plaintiff does not allege any additional facts in his combined motion and amended complaint to support any new legal claims against defendant Woods or any of the defendants he seeks to add. The Court will, therefore, deny plaintiff's motion for joinder of additional parties and amendments of pleadings.

**IV.     Motion for Preliminary Injunction and Temporary Restraining Order**

In his motion for preliminary injunction and temporary restraining order, plaintiff claims that because he is in administrative segregation he is not allowed to use the law library and is not allowed to have hard back legal books. He also claims that he is not allowed to use the phone to find an attorney but instead is only allowed to write. Plaintiff seeks transfer from administrative segregation to general population alleging he would be able to make phone calls to find legal help and would be allowed extra case studies, law library time, and policy studies. It is apparent, however, that plaintiff has access to legal materials based on the content of his pleadings containing citations to the Federal Rules of Civil Procedure and various case law. Additionally, his pleadings are in proper form.

Although his motion states it is based upon "the complaint, supporting affidavits, and memorandum in law submitted herewith," plaintiff did not file supporting affidavits or a memorandum of law. In order to be granted an *ex parte* temporary restraining order, a plaintiff must submit an affidavit or verified complaint showing "that immediate and

5

irreparable injury, loss, or damage will result to the plaintiff before the adverse party or that party's attorney can be heard in opposition." Fed.R.Civ.P. 65(b). The request for a temporary restraining order must be denied because plaintiff has not submitted an affidavit or verified complaint showing that immediate irreparable injury will occur before defendants can be heard.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.,* 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc). "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

Plaintiff's motion for injunctive relief should be denied because the motion has nothing to do with preserving this Court's decision-making power over the merits of plaintiff's lawsuit. *Id.* The motion is based on new assertions of alleged violations of defendant's constitutional rights that are different from the allegations in plaintiff's complaint. These new allegations cannot provide the basis for a preliminary injunction in this lawsuit. Moreover, the public interest weighs against a federal court's interference with the workings of a state prison absent extraordinary circumstances. And the

6

circumstances in this action are not extraordinary.  As a result, the motion for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint (ECF #19) is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that plaintiff's motion for joinder of additional parties and amendments of pleadings (ECF #24) is **DENIED**.

**IT IS FINALLY HEREBY ORDERED** that plaintiff's motion for preliminary injunction and a temporary restraining order (ECF #20) is **DENIED**.

Dated this 26th day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE