UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DALTON DONALD BEYER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14CV119 SNLJ |
| RANDY WOODS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. The motion has been fully briefed and is ripe for disposition. For the following reasons, the motion will be granted.

## I.  Background

Plaintiff Dalton Donald Beyer filed this 42 U.S.C. § 1983 claim against Randy Woods, a corrections officer at Southeast Correctional Center, for alleged retaliation in violation of the First Amendment. Plaintiff alleges that defendant Woods re-wrote a conduct violation to add a new charge and additional facts in retaliation for a grievance plaintiff filed against defendant. Defendant has filed a motion for summary judgment relying on evidence that he was directed to re-write the conduct violation in accordance with the findings of an investigation by the Inspector General's office. Defendant contends that plaintiff's constitutional rights were not violated by this action.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005).

## III. Facts

The Court has reviewed the parties' statements of uncontroverted material facts, the responses, and the supporting documentation, and, where appropriate, will accept facts as supported by appropriate admissible evidence. Further, the Court notes that plaintiff failed to specifically controvert defendant's statement of facts and, therefore, those facts are deemed admitted for this motion. *O'Connell v. Accurate Plumbing, LLC*,

4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The undisputed facts, as supported by the record, are set forth below.

Plaintiff is an inmate in the custody of the Missouri Department of Corrections. He is incarcerated at Southeast Correctional Center (SECC). At all times relevant to plaintiff's complaint, defendant Woods was an employee of the Missouri Department of Corrections (DOC) and worked at SECC.

On March 10, 2014, plaintiff was placed in a suicide cell. He became upset and began kicking the door of his cell. Defendant gave plaintiff three separate verbal directives to stop kicking his cell door. Plaintiff did not comply with these directives, and instead told defendant "if you're going to spray me, then do it." Defendant opened plaintiff's food port door and issued a burst of pepper spray. As he did so, plaintiff grabbed defendant's right arm and pulled it into the cell through the food port opening. Plaintiff then used his body to pin defendant's arm inside the cell. With his arm pinned, defendant dropped the pepper spray canister inside plaintiff's cell. Plaintiff gained control of the can of pepper spray, and deployed a small amount of the spray.

As a result of the incident, defendant issued two separate conduct violations to plaintiff, each pertaining to a distinct action by plaintiff. The first conduct violation was issued for disobeying an order and destroying property. It arose from plaintiff's refusal to comply with directives and destruction of the pepper spray can by breaking the cap off it. The second conduct violation was issued for an assault. It arose from plaintiff's

actions of grabbing defendant's arm into the food port and trapping it with his body, causing defendant's arm to be stuck. These conduct violations were both issued on the day of the incident, March 10, 2014, within 15 to 20 minutes of each other.

The second conduct violation for assault was referred for investigation by the Inspector General's office. To this end, the Warden issued a request for investigation to examine an "Assault of an Employee by Inmate." As a result, the hearing for plaintiff's second conduct violation was "tabled pending investigation."

The Inspector General initiated an investigation into plaintiff's conduct during the March 10, 2014 incident. The investigation relied on interviews with three witnesses and an institutional video that captured plaintiff's actions. The investigation found that plaintiff violated section 217.385 RSMo "Violence or Injury to Others or Property by Offender." It also found that plaintiff violated section 217.360 RSMo "Delivery or concealment of controlled substances, liquor or prohibited articles on premises of any correctional center, or city, county or private jail." At the conclusion of the investigation, the investigator stated "[t]he investigative report supports the CDV issued to Offender Dalton Beyer #1232356 for violation of rule #2.1. Offender Beyer should further be issued a CDV for violation of rule #3.1."

Upon the Inspector General's recommendation, DOC officials ordered defendant Woods to issue a new conduct violation. Defendant Woods wrote the new conduct violation on May 5, 2014. On the violation, he wrote "note: rewrite rehear due to technical reason." The disciplinary hearing for plaintiff's assault violation, which had

4

been tabled pending investigation, was reconvened on May 13, 2014. Plaintiff was found guilty of the violation at that time.

## IV. Discussion

In his complaint, plaintiff alleges that defendant re-wrote the conduct violation for assault to add new allegations in retaliation for his filing of an institutional grievance against defendant. Additionally, he alleges the new allegations are false. "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (citing *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir.1989)). "Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." *Id*.

Defendant has submitted undisputed evidence that he did not re-write the conduct violation in retaliation for the grievance filed by plaintiff. Instead, the undisputed evidence shows that defendant was directed to re-write the conduct violation based on the findings of the investigation by the Inspector General's office. In response, plaintiff concedes "the investigator told defendant to re-write the conduct violation to add an additional rule violation." He argues, however, "the investigator did not tell defendant to change his statement." Plaintiff's issue, therefore, is that defendant supplemented his original statement with facts supporting the additional rule violation. It is the addition of those facts that plaintiff argues was done in retaliation by defendant.

The evidence before the Court shows that the conduct violation was re-written to reflect and implement the findings of the Inspector General's report. The directive to defendant Woods to add a violation of rule #3.1 to the conduct violation necessarily required a statement by him of the facts supporting the rule violation. There is no evidence it was re-written by defendant to retaliate against plaintiff. As a result, defendant is entitled to judgment in his favor on plaintiff's retaliation claim.

V.     **Motion for Restraining Order**

After the conclusion of the briefing on the motion for summary judgment, plaintiff filed a motion for restraining order. In his motion, plaintiff claims that his legal mail and documents have been removed from his cell and sent to the property room. He complains that he does not have access to the documents because he is in administrative segregation. Plaintiff asks this Court to order the Warden at SECC to return his property and to direct the Warden to stop taking his legal supplies.

To determine whether injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.,* 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc). A court issues injunctive relief in a lawsuit "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). The party moving for injunctive relief must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Id.*

Plaintiff's motion for injunctive relief has nothing to do with preserving this Court's decision-making power over the merits of this lawsuit. The allegations relate to matters that occurred after the briefing on the motion for summary judgment was complete. Further, the motion is based on new assertions of alleged violations of defendant's constitutional rights that are different from the allegations in plaintiff's complaint and are directed at the Warden of SECC who is not a defendant in this matter. As a result, the motion for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (ECF #28) is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that defendant's motion to file exhibit under seal (ECF #30) is **GRANTED**.

**IT IS FINALLY HEREBY ORDERED** that plaintiff's motion for restraining order (ECF #35) is **DENIED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 15th day of October, 2015.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE